**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

UNITED STATES OF AMERICA          §
                                  §
*versus*                          §          CASE NO. 4:06-CR-14(4)
                                  §
JACQUELINE MARIE COKER            §

### MEMORANDUM AND ORDER

Pending before the court is Defendant Jacqueline Marie Coker's ("Coker") Motion for Early Termination of Supervised Release (#305), wherein Coker requests that the court terminate her remaining period of supervised release.  The United States of America is unopposed to this request.  *See* Doc. No. 306.  On June 26, 2006, Coker entered a plea of guilty to Count 2 of the Superseding Indictment, Conspiracy to Manufacture, Distribute, or Possess with Intent to Manufacture, Distribute, or Dispense Methamphetamine in violation of 21 U.S.C. § 846.  On December 5, 2006, the court sentenced Coker to 117 months' imprisonment followed by 5 years of supervised release.

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *accord United States v.*

---

[1] When determining whether early release from supervised release is appropriate, courts are directed to consider:  the nature and circumstances of the offense and the defendant's history and characteristics; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to provide restitution to the victim; and the need to avoid unwarranted disparities among similar defendants.  *See* 18 U.S.C. § 3553(a).

*Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Trailer*, 827 F.3d 93, 938 (11th Cir. 2016); *United States v. Carpenter*, 803 F.3d 1224, 1241 n.4 (11th Cir. 2015); *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011); *Flores-Jimenez v. United States*, No. B-13-051, 2014 WL 1338573, at *5 (S.D. Tex. Mar. 31, 2014). While district courts enjoy considerable discretion in determining when the interests of justice warrant early termination, "courts have consistently declined to grant such relief just because the defendant has complied with his conditions." *United States v. McClain*, No. 99-CR-93, 2009 WL 854107, at *1 (E.D. Wis. Mar. 30, 2009); *see, e.g.*, *United States v. Longerbeam*, No. 08-0017, 2016 WL 4046896, at *2 (D.D.C. July 27, 2016) ("[W]hile the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to 'exceptionally good behavior' or 'something of an unusual or extraordinary nature in addition to full compliance.'"); *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (noting that "even perfect compliance with conditions of release does not qualify as 'exceptionally good behavior' warranting early termination"); *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying the defendant's motion for early termination of supervised release where he had "done very well" on supervised release, including complying with all terms); *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required."); *see also Karacsonyi v. United States*, 152 F.3d 918, 918 (2d Cir. 1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release."). Instead, courts typically grant early termination in "cases with new or unforeseen circumstances, or where the defendant's behavior has been

exceptionally good." *McClain*, 2009 WL 854107, at *1; *see United States v. Robinson*, No. 2004-0005, 2016 WL 3702961, at *9-10 (D.V.I. July 7, 2016); *see, e.g.*,  *United States v. Kay*, 283 F. App'x 944, 946-47 (3d Cir. 2008); *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *Etheridge*, 999 F. Supp. 2d at 196.

Here, the court finds that Coker's post-release conduct does not warrant early termination of her supervised release.  Although Coker provides the court with a list of commendable achievements and goals, she identifies no new or exceptional circumstances.  For instance, Coker indicates that she would like to apply to dental school but cannot enroll while on supervised release.  The United States Probation Office ("Probation"), however, has informed the court that Coker was unable to provide verification from the school supporting this assertion.  Rather, the school notified Coker that she would be unable to apply for two years without regard to her supervision status.[2]

Moreover, given the nature of her offense—Conspiracy to Manufacture, Distribute, or Possess with Intent to Manufacture, Distribute, or Dispense Methamphetamine —early termination would not be in the interest of justice.  Additionally, Probation recommends against early termination of her supervision and has advised the court that Coker's extensive criminal history and prior conviction for domestic assault as well as her being supervised as a moderate risk offender make her a poor candidate for early termination.  Thus, although Coker appears to be on the right path, the court believes that completion of her full term of supervised release

---

[2] It is unclear why the dental school will not permit Coker to apply for two years.  That fact, however, is of no consequence to Coker's request, as her supervision status is not the reason for her rejection.  Further, Coker was released from imprisonment and began her term of supervised release on December 3, 2014.  Thus, she has already served two-and-a-half years of her five-year term of supervised release.  By the time she is able to re-apply to dental school, she will be close to finishing her term of supervised release.

appropriately reflects the seriousness of her crime, promotes general deterrence, and provides needed structure for her continued rehabilitation.   Accordingly, Coker's Motion for Early Termination of Supervised Release (#305) is DENIED.

SIGNED at Beaumont, Texas, this 5th day of July, 2017.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

4